# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tariq Ahmad

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John J Hykel, Law Office of John J Hykel
1500 JFK Blvd, Ste 1025
Philadelphia, PA 19102

## DEFENDANTS

Rosemary Langley Melville, Director, California Service Center, USCIS, Kenneth C Cuccinelli, Acting Director,

County of Residence of First Listed Defendant   Orange
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ | 1 U.S. Government Plaintiff | ☐ | 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ | 2 U.S. Government Defendant | ☐ | 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel &   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    ☐ 368 Asbestos Personal ☐ 340 Marine    Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product   Liability Liability    **PERSONAL PROPERTY** | | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | Product Liability   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 360 Other Personal    Property Damage Injury    ☐ 385 Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 362 Personal Injury -   Product Liability Medical Malpractice | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/   ☐ 530 General Accommodations | | | Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | Employment    **Other:** ☐ 446 Amer. w/Disabilities -   ☒ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | Other    ☐ 550 Civil Rights ☐ 448 Education    ☐ 555 Prison Condition | Actions | | |
| | ☐ 560 Civil Detainee -   Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1361 and 5 USC Section 551

Brief description of cause:
Mandamus Action against USCIS

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   01/11/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Tariq Ahmad             :           CIVIL ACTION

       **v.**                :

Rosemary Langley Melville, Director, California Service Center, USCIS;   :
Kenneth C Cuccinelli, Acting Director, USCIS; and, Chad Wolf, Acting   :
Secretary, US Department of Homeland Security             :        NO. WAC1790432703

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| 01/11/2011 | John J. Hykel    Attorney-at-law | Plaintiff, Tariq Ahmad |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-405-0555 | 215-405-0449 | jhykel@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____8896 Krewstown Road, Philadelphia, PA 19115_____

Address of Defendant: _____24000 Avilla Road, Laguna Niguel, CA 92677_____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _01/11/2021_ _____(Must sign here)_____ PA 22884
*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* _____Mandamus_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____John J Hykel_____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought.

DATE: _01/11/2021_ _____(Sign here if applicable)_____ PA 22884
*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

John J. Hykel, Esquire (PA Bar No. 22884)
LAW OFFICES OF JOHN J. HYKEL
1500 JFK Boulevard, Suite 1025
Two Penn Center Plaza
Philadelphia, PA 19102
Tel: (215) 405-0555
Fax: (215) 405-0449
Email: jhykel@aol.com
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA, PENNSYLVANIA

| | | |
|---|---|---|
| Tariq Ahmad | ) | CIVIL ACTION |
| Plaintiff. | ) | |
| vs. | ) | NO.: |
| Rosemary Langley Melville, Director, California Service Center, USCIS; Kenneth C. Cuccinelli, Acting Director, USCIS; and, Chad Wolf, Acting Secretary, U.S. Department of Homeland Security | ) | AGENCY CASE NO.: WAC1790432703 |
| Defendants. | ) | |

## COMPLAINT

1.    Jurisdiction for this action is found under 28 U.S.C. §1331 wherein Courts are granted

jurisdiction regarding federal questions. Jurisdiction is also found in The Mandamus Act, at 28

U.S.C. §1361 and finally under the Administrative Procedure Act, at 5 U.S.C. §551.

2.    Venue is proper in this matter under 28 U.S.C. §1391(e) because Plaintiff resides at 8896

Krewstown Road, Philadelphia, PA 19115 and the Defendants maintain offices in Philadelphia,

Pennsylvania which is within this judicial district. The principal actions in this case occurred in

Philadelphia, Pennsylvania.

1

3.    Defendant, Rosemary Langley Melville, is sued in her official capacity as California Service Center Director, of the U.S. Citizenship and Immigration Services California Service Center with principal offices at 24000 Avila Road, Laguna Niguel, California 92677.

4.    Defendant, Kenneth C. Cuccinelli, is sued in his official capacity as Acting Director of U.S. Citizenship and Immigration Services with principal offices at 20 Massachusetts Avenue NW, Washington DC, 20529

5.    Defendant, Chad Wolf, is sued in his official capacity as acting Secretary of United States Department of Homeland Security with principal offices at U.S> Department of Homeland Security, Washington, DC 20528.

6.    On August 16, 2017, Plaintiffs, Tariq Ahmad and his wife, Sheila Anwar, filed with the U.S. Department of Homeland Security, U.S. Citizenship & Immigration Services, a Visa Petition for Alien Relative (Form I-130) pursuant to 8 U.S.C. §1255 seeking to be accorded an Immigrant Visa number. (See Exhibit I)

7.    Since that date and in violation of their duty under the Immigration & Nationality Act to render a decision on the Petition, no decision has been made.

8.    The Plaintiffs have a clear right to have their Petition approved. They qualify in every respect.

9.    No other remedy is available to the Plaintiffs at this time to compel the Defendants to complete the adjudication of their Petition for Alien Relative (Form I-130).

10.    On February 28, 1997, the Plaintiff, Mr. Tariq Ahmad, entered into a valid marriage with Mrs. Sheila Anwar in Pabbi, Nowshera District, Pakistan.

11.    Mr. Ahmad filed a Visa Petition (I-130), pursuant to Section 204 INA, 8 USC Section 1154, for his wife, Sheila Anwar, on August 16, 2017.  Ms. Anwar currently resides in Pakistan.

12.     The Defendant, California Service Center Director of the U.S. Citizenship and

Immigration Service has not rendered a decision on the Petition. The correct filing fees were

paid by the Plaintiff and the Applications were filed on August 16, 2017. (See Exhibit I)

13.     Notwithstanding the facts that the Petition was properly filed and the filing fee paid, no

decision has been made due to the Defendants' inability to properly complete the adjudication of

the Petition. No valid reason has been given for this long delay by the Defendants.

14.     Defendants' unjustifiable delay is causing irreparable damage to the Plaintiff's life. He

remains separated from his wife.

15.     Other individuals who filed their Petition on or before the Plaintiff's filing have received

decisions and have become Legal Permanent Residents. (See Exhibit II)

16.     Irreparable injury is being caused to the Plaintiff due to the fact that no decision has been

made in this case for more than three (3) year. Mrs. Anwar is unable to pursue Legal Permanent

Residence or to accrue legal residence for purpose of Naturalization (U.S. Citizenship). Mr.

Ahmad has been forced to be separated from his lawful wife in the United States for all the years

the petition has been pending.

## Prayer for Relief

WHEREFORE, on behalf of the Plaintiffs, the undersigned attorney respectfully requests that this Honorable Court please enter an order directing the Defendants to complete the Adjudication of the Visa Petition and Application for Permanent Residence within thirty (30) days. It is further requested that this Court confer any other relief that it deems proper.

Respectfully Submitted,

Date: _01/11/2021_

John J. Hykel, Esquire
Attorney for Plaintiffs
PA ID: 22884
LAW OFFICES OF JOHN J. HYKEL
1500 JFK Blvd., Ste. ~~1400~~ 1025
Two Penn Center Plaza
Philadelphia, PA 19102
Tel: (215) 405-0555
Fax: (215) 405-0449
Email- jhykel@aol.com

| | |
|---|---|
| Tariq Ahmad | CIVIL ACTION |
| Plaintiff. | |
| vs. | NO.: |
| Rosemary Langley Melville, Director, California Service Center, USCIS; Kenneth C. Cuccinelli, Acting Director, USCIS; and, Chad Wolf, Acting Secretary, U.S. Department of Homeland Security | AGENCY CASE NO.: WAC1790432703 |
| Defendants. | |

## BRIEF

The Plaintiff, Tariq Ahmad, currently resides at 8896 Krewstown Road, Philadelphia, PA 19115. He entered into a valid marriage on February 28, 1997 with Sheila Anwar. On August 16, 2017, a Visa Petition (Form I-130) was filed with Defendants, USCIS. As of this date, there has been no decision regarding the Visa Petition.

The case has been delayed because the USCIS California Service Center is unable to make a decision regarding Mrs. Anwar's eligibility for the Visa Petition. The Court has jurisdiction under the Mandamus Act (28 U.S.C. §1361) wherein it is stated that the District Court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiffs. The Defendant does owe a duty to the Plaintiffs to decide the Applications. The Courts have said that this duty is mandatory or ministerial, and Mandamus actions can be used to compel the

5

Government to exercise its discretion in a case where the Government has failed to take any action. Iddir v. INS, 201 F.3d 492 500 (7th Cir. 2002). (Duty to adjudicate Application for Permanent Residence under the diversity lottery program); Patel v. Reno, 134 F.3d 929, 933 (9th Cir. 1997) (Duty to adjudicate Visa Application); U.V. Brown 36 F.supp.2d 922, 932 (D.N.M. 1999) (Duty to process S.I.J. Application in a reasonable amount of time). In this case Plaintiff are not asking the Court to order the Defendants to exercise discretion favorably, he only asks that the Court order the USCIS to fulfill their duty under Immigration & Nationality Act to complete the adjudication of the Applications. The Applications have been pending for over three (3) years. Mandamus is appropriate if the Government fails to act within a reasonable amount of time. Kim v. Ashcroft, 340 F.Supp. 2d 384 (S.D.N.Y. 2004) (noting that Section 555(b) of the Administrative Procedure Act requires the Government to act within a reasonable amount of time). In the Mandamus suit, the Plaintiffs must demonstrate that (1) that they have a clear right to the relief requested; (2) Defendant has a clear duty to perform the act in question; (3) no other adequate remedy is available Iddir v. INS, *supra.* at 499. Numerous Courts have found that the Immigration & Nationality Act establishes a clear right to relief for adjustment of status applicants. For example, diversity lottery applicants have established that the INA confers a right to have their applications adjudicated. Iddir v. INS, *supra.* at 500 (affirmed in Ahmed v. DHS, 328F3.d 383 (7th Cir. 2003); Paunescu. v. INS, 76 F.Supp. 2d 896, 901 (N.D.Ill. 1999). Likewise in Yu v. Brown, 36 F.Supp. 2d 922, 932 (D.N.M. 1999) the Court said that the applicants under the special immigrant juvenile provisions fell within the zone of interest of the Immigration & Nationality Act provisions.

There is no other remedy available. The Plaintiffs have exhausted their administrative remedies. The Plaintiffs asked this Honorable Court to compel the U. S. Citizenship &

Immigration Service to make a Decision on the Petition for Alien Relative within thirty (30) days.

Therefore, on behalf of the Plaintiffs in this matter the undersigned respectfully requests that the relief be granted.

Respectfully Submitted,

Date: _01/11/2021_

John J. Hykel, Esquire
Attorney for Plaintiffs
PA ID: 22884
LAW OFFICES OF JOHN J. HYKEL
1500 JFK Blvd., Ste. 1400 1025
Two Penn Center Plaza
Philadelphia, PA 19102
Tel: (215) 405-0555
Fax: (215) 405-0449
Email- jhykel@aol.com

## VERIFICATION

I, John J. Hykel, counsel for the Plaintiffs, hereby state that I am fully familiar with the facts set forth in the foregoing Pleading, and that they are true and correct to the best of my knowledge. I acknowledge that this statement is made subject to the penalties for making unsworn falsifications to authorities.

Date: ___01/11/2021___  

_____
John J. Hykel, Esq.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA, PENNSYLVANIA**

| | |
|---|---|
| Tariq Ahmad ) | CIVIL ACTION |
| ) | |
| Plaintiff. ) | |
| ) | |
| vs. ) | NO.: |
| ) | |
| Rosemary Langley Melville, Director, California ) | AGENCY CASE NO.: WAC1790432703 |
| Service Center, USCIS; Kenneth C. Cuccinelli, ) | |
| Acting Director, USCIS; and, Chad Wolf, Acting ) | |
| Secretary, U.S. Department of Homeland Security ) | |
| ) | |
| ) | |
| Defendants. ) | |

## <u>ORDER</u>

AND NOW THIS _____ day of _____, 2021, it is hereby

ORDERED AND DECREED that the California Service Center Director of the U.S. Citizenship

& Immigration Service is hereby ordered to adjudicate the Visa Petition (Form I-130) filed by

Plaintiffs within thirty (30) days.

_____

J.